**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMIE VILLAGOMEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-09133** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MIDWEST PHYSICIAN** | ) | |
| **ADMINISTRATIVE SERVICES, LLC d/b/a** | ) | |
| **DULY HEALTH AND CARE,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

Plaintiff, Jamie Villagomez ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual and national origin based harassment, Defendant's discrimination on the basis of Plaintiff's sex and national origin, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sex and national origin, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Jamie Villagomez, resides in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, Midwest Physician Administrative Services, LLC d/b/a Duly Health and Care is a limited liability company doing business in and for DuPage County whose address is 1100 W 31st Street STE 800, Downers Grove, Illinois 60515-5509.

9.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

2

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as the Director of RCM and BPO Management from on or around November 6, 2023, through July 10, 2024.

12. Since the beginning of Plaintiff's employment, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex and national origin, violating Title VII.

13. Plaintiff is Filipino female and is a member of a protected class because of her sex and national origin.

14. During Plaintiff's tenure and starting in or around November 2023, Plaintiff experienced repeated derogatory comments from Vice President, Kristina Sharkey (Caucasian, "Ms. Sharkey").

15. Ms. Sharkey would routinely make offensive remarks such as, "When I look at you, I crave Chinese food," and "I got those Vietnamese spring rolls because you bought them for me, and I love them because that's your people."

16. Before Plaintiff even started her role, Plaintiff encountered sexual harassment from Erick Feliciano ("Mr. Feliciano"), a consultant that Plaintiff directly reported to.

17. Mr. Feliciano invited Plaintiff to dinner a week before her start date.

18. When Plaintiff attempted to shake his hand, Mr. Feliciano went in for a hug and tried to rub Plaintiff's back.

19. On Plaintiff's first day at the office, Mr. Feliciano left teddy bears on Plaintiff's desk and continued to bring teddy bears to the office regularly.

20. Mr. Feliciano would also make inappropriate comments such as, "Watch your back. These two bitches don't like you."

21. In or around May 2024, Mr. Feliciano sent one of Plaintiff's employees a picture of his dog's penis with a heart emoji and a smile on it, accompanied by the message, "I hope you have a great weekend."

22. Plaintiff reported this to Jennifer Nothnagel ("Ms. Nothnagel"), the Director of Human Resources ("HR"), who dismissed Plaintiff's concerns.

23. Plaintiff also informed Ms. Nothnagel that Mr. Feliciano had made unwanted advances toward Plaintiff as well.

24. After this report, Mr. Feliciano's behavior towards Plaintiff changed; he became even more unpleasant and aggressive, refused to communicate with Plaintiff, and did not provide Plaintiff with necessary direction or orders.

25. Defendant failed to take remedial action and/or investigate Plaintiff's report of sexual harassment.

26. Instead, on July 10, 2024, Plaintiff was informed that her role was being eliminated, and Plaintiff was subsequently terminated.

27. On or around July 18, 2024, Plaintiff discovered her job listed on Indeed with the same title.

28. This was evidence that Plaintiff was retaliated against for opposing sexual harassment in the workplace.

29. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

30. Plaintiff was unlawfully terminated because of her sex and national origin, (Filipino, female) on July 10, 2024.

31. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

32. Plaintiff was targeted for termination because of her sex and national origin and reporting of illegal activity.

33. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

34. There is a basis for employer liability for the harassment that Plaintiff was subjected to.

35. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to the director of HR about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

38. Defendant knew or should have known of the harassment.

39. The sexual harassment was severe or pervasive.

40. The sexual harassment was offensive subjectively and objectively.

41. The sexual harassment was unwelcomed.

42. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

45. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

47. Plaintiff met or exceeded performance expectations.

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

50. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the discrimination described above, Plaintiff

6

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (National Origin-Based Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's national origin (Filipino), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's national origin.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (National Origin-Based Harassment)

7

60.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

61.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment (Filipino), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62.     Defendant knew or should have known of the harassment.

63.     The national origin-based harassment was severe or pervasive.

64.     The national origin-based harassment was offensive subjectively and objectively.

65.     The national origin-based harassment was unwelcomed.

66.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's national origin.

67.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

68.     As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

69.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

70.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

71.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

8

72.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

73.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

74.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

75.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

76.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

77.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

78.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Punitive damages;

h.      Reasonable attorney's fees and costs; and

i.      For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of September 2024.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

10